Pearson, J.
 

 In September 1846, the defendant leased to one Watson a lot, at the corner of Water and Market streets in the Town of Washington,
 
 22 feet
 
 on water and 50 feet on mai ket street, for the term often years, to begin on the 1st of January 1847.jfree
 
 of rent,
 
 in consideration, that the said Watson would erect on said lot a building according to specifications, and deliver the said building to the defendant, her heirs or assigns, at the end of the term in good repair, natural decay alone excepted; and the said Watson covenanted for himself, and his assigns,
 
 *625
 
 that, after the erection of the said building, it should be at all times insured at a valuation of not less than $2000 against loss or damage by fire, for the benefit of all per* sons having estates therein, with a condition of re entry, in case the covenants were not complied with.
 

 In .April 1847, Watson assigned his lease to the plain* tiff, in consideration of $2050, Watson binding himself to erect the building according to his covenant with the defendant.
 

 Afterwards taxes became payable by virtue of an assessment, authorised by an act of the legislature, passed at its session in 1846-47. These taxes, amounting to $13 20, were paid on a threat of distress, and under protest by the plaintiff, who demanded of the defendant the amount so paid, and, upon refusal, commenced this suit by warrant.
 

 His Honor was of opinion, that the plaintiff was not entitled to recover. In this we concur.
 

 By the Revised Statutes, ch. 102, sec. 1, it is provided, that a tax of six cents on
 
 every hundred dollars thereof
 
 shall be annually levied and collected from all real pro* perty, with the improvements thereon.
 

 By the 2nd section, all real estate held by deed, grant, or lease, or by title of dower, curtesy, or otherwise, shall be subject to the payment of public taxes, except land of the University, houses set apart for divine worship, &c.
 

 Land, then, is taxed according to its fee simple value,'' and whoever is owner of the land for the time being is bound to pay the tax. If the estate is divided by giving a particular estate to one — the remainder to another — as, if an estate is limited to A- for life or for ten years, remainder to B. and his heirs, the valuation is assessed with*/ out reference to this division, and each must pay the tax,! during the time he is the owner and enjoys the possession) and pernancy of the profits. According to this general proposition, the plaintiff, being the owner for the time
 
 *626
 
 being, and enjoying the possession and pernancy of the profits, is bound to pay the tax.
 

 The case of landlord and tenant forms an exception,
 
 where rent is reserved ; for, the rent is in lien
 
 of the land, and the landlord is in the
 
 pernancy of the profits of the land,
 
 the profit of the tenant being the fruit of his own labor. Hence, in such cases, the landlord is bound to.pay the tax, and if the tenant be compelled to pay, he may recover from the landlord or may deduct the amount out of the rent. But in the case under consideration, no rent is reserved. The defendant receives nothing in lieu of the the land, and the entire profits are enjoyed by the plain* tiff, fie, then, does not come within the reason for making the case of ordinary tenants paying rent, an exception to the general rule.
 

 Let us see how it operates. A vacant lot, worth say $200, is leased for ten years without rent — a building, worth say $2000 is erected upon it. The lessee enjoys the entire use and profits of the lot in its improved condition. The amount of the assessment, and, of course, the fax, is increased ten times. It is right, that the lessee, who has the whole profit, should pay the tax; for, in .fact, the lessor has parted with his entire estate for the ten years and stands as a
 
 remainder man,
 
 and not as a landlord receiving rent.
 

 It is said, the lessor will bebenefitted by receiving the property in its improved condition at the end of the term. That is true, and then he will be bound to pay the tax; but, in themeantime.it is manifestly unjust to require the lessor to pay tax for what he has never enjoyed; and there is no mode of apportioning the tax, so as to show what ought tobe paid for andón account of the original Value, and what for the additional value ; and upon the general rule, the plaintiff is bound to pay the tax.
 

 , The English cases give, no aid in deciding this question, because the land in that 'country is assessed upon the an*
 
 *627
 
 nual rent, and if it be not rented, upon such sum as it could reasonably be rented for, and the statute provides* that, in case tenants are compelled to pay thp tax, they shall have the right to deduct it out of the rent. 38th
 
 Geo.
 
 3.
 

 Per Curiam. J udgment reversed.